U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 0 1 2005

ROBERT H. SHEMWELL, CLERK
BY _____
          DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

GERALD CRAWFORD                          DOCKET NO. 1:05 CV 0768

                                         SECTION P

VS.                                      JUDGE LITTLE

RAPIDES PARISH DET. CTR.                 MAGISTRATE JUDGE KIRK

### REPORT AND RECOMMENDATION

Before the Court is a civil rights complaint filed pursuant to 42 U.S.C. § 1983 by *pro se* Plaintiff, **GERALD CRAWFORD,** ("Plaintiff"). [Rec. Doc. 1]. Plaintiff was granted permission to proceed *in forma pauperis* on May 11, 2005. [Rec. Doc. 3]. Plaintiff is currently incarcerated at the Forcht Wade Correctional Center in Keithville, Louisiana, but he complains of events occurring at the Rapides Parish Detention Center. [Rec. Doc. 1, p.1] Named as defendants are: Rapides Parish Detention Center, Warden Horton, and L Marshall.

Plaintiff alleges the defendants provided him with inadequate medical care in violation of the constitution by failing to provide him eyeglasses, and challenges the revocation of his trustee work status.

### SCREENING

Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is subject to the screening provisions mandated

in 28 U.S.C.§ 1915(e). Plaintiff is proceeding *in forma pauperis* in this action, thus, his complaint is thus subject to the screening provisions mandated by 28 U.S.C. § 1915(e). Furthermore, as Plaintiff is a prisoner currently incarcerated and his civil action seeks redress from a governmental entity or officer or employee of a government entity, his complaint is subject to the screening provisions of 28 U.S.C. § 1915A. These sections mandate the *sua sponte* dismissal of an action at anytime before responsive pleadings are filed, if the court finds that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. *See*, 28 U.S.C. §§1915(e)(B)(i)-(iii); 1915A(b)(1)-(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990); Green v. Mckaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). This screening function is juxtaposed with the court's duty to hold *pro se* complaints to less stringent standards than formal pleadings drafted by an attorney. Courts are to liberally construe such complaints when determining a whether a cause of action exists. *See*, Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(per curiam)(*pro se* complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no facts in support of claim that would entitle him to relief).

The law accords judges not only the authority to dismiss a

2

claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. <u>Neiztke v. Williams</u>, 490 U.S. 319, 327, 104 L.Ed. 2d 338, 109 S.Ct. 1827 (1989). A complaint is frivolous if it lacks an arguable basis in law (i.e. it is based upon a undisputably meritless legal theory) or in fact (i.e. the facts are clearly baseless, a category including allegations that are fanciful, fantastic, or delusional). <u>Hicks v. Garner</u>, 69 F.3d 22, 25 (5th Cir. 1995); <u>Booker v. Koonce</u>, 2 F.3d 114, 115 (5th Cir. 1993); <u>Denton v. Herndandez</u>, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340(1992).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. <u>Horton v. Cockrell</u>, 70 F.3d 397,400 (5th Cir. 1996).

### EXHAUSTION

Plaintiff was ordered to amend with evidence of administrative remedies. Plaintiff provided blank forms that demonstrate the procedure by which an inmate should exhaust, but did not provide proof that he exhausted. Plaintiff is required, pursuant to federal law, to exhaust all available administrative remedies, regarding his claim, before proceeding herein. Plaintiff has failed to demonstrate that he has exhausted administrative remedies with

3

respect to the claim asserted herein. The Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997e(a)makes the exhaustion requirement mandatory in prison conditions cases providing as follows:

> (a) Applicability of Administrative Remedies--No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has recently held that "the PLRA's [Prison Litigation and Reform Act] exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 525, 122 S.Ct. 983, 992, 152 L.Ed.2d 12 (2002). Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit. See Booth v. Churner, 532 U.S. 731, 739, 121 S.Ct. 1819, 1827, 149 L.Ed.2d 958 (2001)."Congress enacted §1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Porter, 534 U.S. at 525. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. Booth, 532 U.S.

4

at 737. In other instances, the internal review might "filter out some frivolous claims." Id.

Because Plaintiff has failed to exhaust administrative remedies as required before proceeding to federal court, his complaint should be dismissed without prejudice for failure to exhaust until Plaintiff accomplishes this requirement.

**DUE PROCESS**

To the extent Plaintiff may be making a due process claim, this claim fails. In order to state a Constitutional claim for either a substantive or procedural due process violation, the plaintiff must demonstrate that he was "denied a cognizable liberty or property interest clearly established either by state law or the United States Constitution." Wooley v. City of Baton Rouge, 211 F.3d 913, 919 (5th Cir. 2000); *accord* Sandin v. Conner, 515 U.S. 472, 481-83, 132 L.Ed.2d 418, 115 S.Ct 2293 (1995)(liberty interest); Bryan v. City of Madison, 213 F.3d 267, 274 (5th Cir. 2000), cert. denied, 148 L.Ed. 2d 957, 121 S.Ct. 1081 (2001)(property interest). "While no State may deprive any person of life, liberty or property, without due process of law, it is well-settled that only a limited range of interests fall within this provision. Liberty interests protected by the Fourteenth Amendment may arise from two sources– the Due Process Clause itself and the laws of the States." Hewitt v.Helms, 459 U.S. 460, 466, 74 L.Ed.2d 675, 103 S.Ct. 864 (1983)(quotation and citation omitted).

Additionally, the due process clause of the Fourteenth Amendment is not implicated because an inmate does not a have a protected property or liberty interest in his in prison job assignment. <u>Meachum v. Fano</u>, <u>Moody v. Baker</u>. 857 F.2d 256, 257-58 (5th Cir.1988). Additionally, the revocation of a prison job does not first require that certain procedures be imposed to ensure due process is satisfied.

Plaintiff clearly cannot state a claim for the violation of due process. He does not have a protected liberty interest in obtaining a prison job assignment. If this claim had been exhausted, it still fails to state a non-frivolous claim, and would be dismissed as frivolous.

**Accordingly,**

**IT IS RECOMMENDED** that Plaintiff's claim be **DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.**

**OBJECTIONS**

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), parties aggrieved by this recommendation have **ten (10) calendar days** from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof. A courtesy copy of any objections or response or request for extension of time

shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the district judge before he makes a final ruling.

**A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations reflected in this report and recommendation within ten (10) business days following the date of its service, shall bar an aggrieved party from attacking on appeal, either the factual findings or the legal conclusions that were accepted by the district judge and that were not objected to by the aforementioned party, except upon grounds of plain error.[1]**

**THIS DONE AND SIGNED** in Alexandria, Louisiana on this 15th day of _September_, 2005.

_____
**JAMES D. KIRK**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] _See Douglass v. United Services Automobile Association_, 79 F.3d 1415 (5th Cir. 1996).